IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Victor Pakhutko, | ) | |
|     Plaintiff, | ) | Case No: 13 C 8317 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Blitt & Gaines, P.C. and National | ) | |
| Credit Adjusters, LLC., | ) | |
|     Defendants. | ) | |

### ORDER

Victor Pakhutko alleges that Blitt and Gaines, P.C. ("Blitt & Gaines") violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Blitt & Gaines moves to dismiss the counts against it. Although given two opportunities to do so, Plaintiff did not respond to the motion and Blitt & Gaines did not file any reply. The Court rules then without the benefit of either a response or reply brief. For the reasons stated below, the motion to dismiss [21] is granted. Because Plaintiff also lacks standing to allege a claim under the FCRA against co-defendant National Credit Adjusters, LLC, the claim against it is dismissed for lack of subject matter jurisdiction. Civil case terminated. All pending motions are denied as moot.

### STATEMENT

Plaintiff alleges that Blitt & Gaines sent him a notice of a debt on June 26, 2013, and that he sent a letter to Blitt & Gaines requesting validation of the debt on August 19, 2013. (Compl., Dkt. # 1, at 2.) Blitt & Gaines, however, failed to provide verification of the debt and has continued collection activities against Plaintiff. (*Id.*) Plaintiff alleges four counts against Blitt & Gaines under § 1692g of the FDCPA, 15 U.S.C. § 1692g, as well as one count under the FCRA, 15 U.S.C. § 1681m.

Section 1692g of the FDCPA requires a debt collector to send, within five days after an initial communication with a consumer in connection with the collection of any debt, a written notice to that consumer that contains certain information about the debt and the consumer's rights. 15 U.S.C. § 1692g(a). The notice must contain, among other things, a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," as well as a statement that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(3), (4). When a consumer disputes a debt in writing within the 30-day period, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

Plaintiff's first four counts allege violations of the above provisions of the FDCPA. Specifically, Count I alleges that Blitt & Gaines failed to send validation and verification of the debt upon Plaintiff's request, while Counts II through IV allege improper continued collection activity based on "[f]iling suit in the local court," the "[d]efendant[']s first appearance at local court," and the "[d]efendant[']s second appearance at local court." (Compl., Dkt. # 1, at 3-4.) Blitt & Gaines moves to dismiss because § 1692g does not impose a duty to validate a debt in response to a request for validation that is made more than thirty days after the initial communication. Here, Plaintiff alleges that he was served with the notice of debt on June 23, 2013, but did not mail his request for

validation until August 19, 2013, more than 30 days later. (*Id.* at 2.) As noted by Blitt & Gaines, the FDCPA provides that "if the consumer notifies the debt collector in writing *within the thirty-day period*," then the debt collector must obtain verification of the debt and send it to the consumer. 15 U.S.C. § 1692g(a) (emphasis added). Therefore, with respect to the claim that Blitt & Gaines failed to verify his request for a debt, Plaintiff has plead himself out of court. Moreover, because Plaintiff did not dispute the debt within 30 days, the statute does not require Blitt & Gaines to cease collection activity. Therefore, the Court grants Blitt & Gaines' motion to dismiss Counts I through IV.

Plaintiff also alleges a claim against Blitt & Gaines under the FCRA. Specifically, Plaintiff alleges in Count V that Blitt & Gaines violated 15 U.S.C. § 1681m(g). The Seventh Circuit, however, has held that "[t]he unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m." *Perry v. First Nat. Bank*, 459 F.3d 816, 823 (7th Cir. 2006). The Court therefore dismisses Count V for lack of subject matter jurisdiction. *Bardney v. Chi. Housing Auth.*, Nos. 11 C 8628, 12 C 1975, 2013 WL 1278526, at *2 (N.D. Ill. Mar. 28, 2013) (dismissing claim for lack of subject matter jurisdiction based on plaintiff's lack of standing where statute did not provide private right of action).

Plaintiff also alleges a claim against co-defendant National Credit Adjusters, LLC pursuant to 15 U.S.C. § 1681m. However, for the reason just stated, Plaintiff lacks standing to assert a private right of action under this section of the statute; therefore, the claim against National Credit Adjusters, LLC is dismissed for lack of subject matter jurisdiction. Civil case terminated.

**Date**: May 1, 2014  _____
 **Ronald A. Guzmán**
 **United States District Judge**